RECEIVED
AUG 1 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| JOSPEH ADAM DAWSON | CIVIL ACTION NO. 05-1245 |
| VS. | SECTION P |
| LOUISIANA CORRECTIONAL | JUDGE DOHERTY |
| SERVICE, ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Before the court is plaintiff's Motion for Appointment of Counsel. [doc. 7]. Plaintiff seeks court-appointed counsel to assist him in the prosecution of the above captioned civil rights action filed pursuant to 42 U.S.C. §1983. In his complaint, plaintiff seeks damages and injunctive relief as a result of alleged denial of access to court as a result of an alleged inadequate law library and inadequate legal assistance at the Pine Prairie Correctional Center where plaintiff is incarcerated.

Initially, the undersigned notes that plaintiff is proceeding in *forma pauperis*. A review of plaintiff's financial affidavit supports a finding that he should be considered indigent for the purposes of this evaluation.

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th

Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14;

*see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

In his civil rights standardized and accompanying thirteen page handwritten complaint, plaintiff attempts to set forth a First Amendment access to court claim.[1] Plaintiff has managed to file not only filed a well written and factually detailed complaint with this court, but also has filed a Motion for the issuance of a temporary restraining order and preliminary injunction, as well as the instant Motion and supporting memorandum all of which contain numerous citations to jurisprudence which plaintiff asserts supports his position. Thus, it appears that plaintiff is able to adequately present and investigate his case and that it is unlikely that appointment of counsel will benefit the court. Additionally, plaintiff has first hand knowledge of the facts which form the basis of this action. No special legal knowledge is required of plaintiff herein. The claims are typical of those often asserted in civil rights litigation and are not complex. Finally, plaintiff has failed to demonstrate that he has attempted to procure counsel on his behalf.

---

[1] Plaintiff's allegations do not set forth a constitutional claim. In order to state an access to the courts claim, plaintiff must demonstrate he suffered an "actual injury" in some identified non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 349-352, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415-416 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Plaintiff's allegations herein do not satisfy this standard. Moreover, contrary to petitioner's position, the right to meaningful access "does not afford prisoners unlimited access to prison law libraries." *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998).

Accordingly, plaintiff's Motion for Appointment of Counsel should be denied as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel. Moreover, plaintiff's Motion should be denied because plaintiff has failed to demonstrate any effort to secure counsel on his own behalf.

**IT IS ORDERED** that plaintiff's Motion for Appointment of Counsel [rec. doc. 7] is **DENIED.**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this __11__ day of August, 2005.

C. Michael Hill

**C. MICHAEL HILL**
**UNITED STATES MAGISTRATE JUDGE**